UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13-30930-DOT |
| TAMARA FAYE MILLER, ) | |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |
| ESSEX BANK, ) | |
| ) | |
| Movant, ) | |
| vs. ) | |
| ) | |
| TAMARA FAYE MILLER and ) | |
| ROBERT E. HYMAN, TRUSTEE, ) | |
| ) | |
| Respondents, ) | |

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES

Debtor Tamara Faye Miller, Pro Se, files this, her Objection to movant's motion for relief from the automatic stay, and states as follows:

1. On February 22, 2013 the Debtor filed a voluntary petition under Chapter 13. On March 8, 2013, within 14 days from filing her voluntary petition, the Debtor filed a proposed Chapter 13 Plan.

2. Debtor previously executed a Promissory Note to Bank of Powhatan, a division of Trans Community Bank, N.A. in the principal amount of $300,000.00 on June 13, 2008.

3. Debtor disputes the alleged security interest of movant Essex Bank in Debtor's property located at 9441 Deer Stream Drive, Mechanicsville, Virginia 23116.

1

4. Movant also allegedly encumbered another parcel of real property located at 234 West River Road, Aylett, Virginia 23009, which is also disputed.

5. At the request of movant, a substitute trustee conducted a foreclosure sale of the "West River Road" property. On February 21, 2011, a credit against the Debtor's alleged indebtedness under the note was due based upon movant Essex Bank's partial selling of the Deed of Trust by selling Parcel 1 to purchaser Tonya D. Witherow for the sum of Two Hundred Fifty One Thousand Dollars ($251,000.00) cash.

6. Based upon the principal amount of the Promissory Note of $300,000.00 and a foreclosure sale of $251,000.00 cash, movant is only entitled to a deficiency amount of $49,000.00. A foreclosure Deed of Trust was issued on February 21, 2011.

7. Debtor has had a professional audit done of the documents regarding the subject property. As a result of said audit and document review, the auditor has found the following problems with the documents, to wit:

    A. Significant problems with multiple property financing in this case, including problems with a "blanket mortgage" transaction and problems with cross collateralization.

    B. Failure of movant to record a partial satisfaction of any one or more of the separate pieces covered by a blanket lien, and failure to record a new deed of trust reflecting the correct new balance on the remaining parcel within 90 days as set forth in the Virginia Code, which adversely affects any lien on the remaining property.

    C. The lack of a properly recorded modified deed of trust with partial certificate of satisfaction leaves a serious cloud on the title of the remaining parcel. See subsection E below.

2

    D. Without the partial certificate of satisfaction and modification of the Deed of Trust, movant only has a deficiency of approximately $49,000.00, and said deficiency should be unsecured.

    E. The Alta Owner's Title Policy contains an apportionment provision as Section 8 of the Conditions and Stipulations. It limits the amount of title insurance coverage allocable to two or more parcels of land to a fixed amount, title insurance for the property may need to be re-issued to reflect the correct coverage. The lack of a properly recorded modified deed of trust with partial certificate of satisfaction contributes to the cloud on the property's title.

8. Based upon the audit and review by the auditor, it is the expert opinion of the auditor, and after careful consideration of all of the facts of this case along with a thorough examination of the trust documents filed with the respective counties, the lack of the proper recorded partial certificate of satisfaction and modified deed of trust, that movant has no right to foreclosure on the property.

9. Based upon the foregoing, movant's motion for relief from the automatic stay should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

10. Movant is not entitled to relief from the automatic stay based upon a lack of adequate protection.

11. Movant claims a security interest of $300,000.00 and sold a partial piece of the subject property at a foreclosure sale and received $251,000.00 cash. Movant is owed, if anything, only a deficiency judgment of approximately $49,000.00. Movant has

already received 83.6% of the amount movant alleges to be due. This hardly supports a claim for lack of adequate protection.

12. Debtor's plan lists the movant's remaining debt as unsecured because debtor disputes the alleged security interest of movant in the property based upon an audit of the loan documents and all of the problems set forth in the audit Declaration. Attached hereto and made a part hereof as Debtor's Exhibit "A" is a copy of the auditors Declaration.

13. Movant is not entitled to relief from the Automatic Stay under 11 U.S.C. § 362(d)(4).

14. Movant argues that it is entitled to relief from the Automatic Stay and alleges that debtor has engaged in a scheme to delay, hinder or defraud the creditor which involved multiple filings. In support of this proposition movant cites the case of *In re Nwonwu*, Case No. 11-12608, 2011 Bankr. LEXIS 3124, at 11-12 (Bankr. E.D. Va. Aug. 12, 2011).

15. In *Nwonwu* cited above, the facts were that the debtor had filed 9 bankruptcy cases in 12 years, filed to invoke the automatic stay to stop a foreclosure, and that the debtor was not entitled to a discharge because she had received a discharge in a chapter 7 case filed within the last 4 years. The court also noted that 5 foreclosure sales had been scheduled in that case.

16. This is not the fact pattern in the case at bar. Debtor has only filed one other bankruptcy, and has not filed "multiple" bankruptcies. Movant knows this and its argument that Debtor has filed "multiple" bankruptcies is disingenuous at best.

17. Further, in the *Nwonwu* case, the debtor had no equity in the property. This is not the case here. Debtor only arguably owes movant a relatively small deficiency

4

of approximately $49,000.00, and there is substantial equity in Debtor's primary residence. Further, Debtor has a homestead exemption on the property.

18. Because of substantial equity in the Debtor's primary residence, the property is essential to the success of the reorganization of Debtor's debt and her Chapter 13 Plan. The Trustee should not abandon its interest in the Debtor's property but allow the Debtor to remain in the property and make payments during the pendency of the Chapter 13.

19. Based upon the foregoing, it is clear that Debtor has raised substantial issues regarding the efficacy of movant's documents and casting doubt upon the movant's ability to foreclose. Debtor has not engaged in any alleged "scheme" to delay, hinder or defraud movant and there is no basis for its motion for relief from the automatic stay.

WHEREFORE, Debtor Tamara Faye Miller, Pro Se, respectfully prays that this Honorable Court deny movant's motion for relief from the automatic stay and grant such other and further relief as the Court deems equitable, appropriate and just.

Respectfully submitted this ___ day of March, 2013.

*Tamara Faye Miller*
Tamara Faye Miller, Debtor Pro Se
9441 Deer Stream Drive
Mechanicsville, Virginia 23116
Phone: (804) 920-1559

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: William D. Prince, IV, Thompson McMullan, P.C., Attorneys for movant, 100 Shockoe Slip, Third Floor, Richmond, Virginia 23219 and via facsimile: (804) 780-1813; Robert B. Van Arsdale, Office of the U.S. Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219; and Robert E. Hyman, Chapter 13 Trustee, P.O. Box 1780, Richmond, Virginia 23218-1780.

Tamara Faye Miller, Debtor Pro Se
9441 Deer Stream Drive
Mechanicsville, Virginia 23116
Phone: (804) 920-1559

CC:

Clerk of Court
United States Bankruptcy Court
701 East Broad Street, Suite 4000
Richmond, Virginia 23219

William D. Prince, IV, Esquire
Attorney for Essex Bank
Thompson McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219

Robert E. Hyman, Esquire
Chapter 13 Trustee
P.O. Box 1780
Richmond, Virginia 23218

Robert B. Van Arsdale
United States Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Exhibit "A"

AUDITOR'S DECLARATION

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHOMD DIVISION

| | |
|---|---|
| In Re:<br>TAMARA FAYE MILLER,<br><br>    Debtor.<br>_____<br>ESSEX BANK,<br><br>    Movant,<br>v.<br><br>TAMARA FAYE MILLER and<br>ROBERT E. HYMAN, TRUSTEE,<br><br>    Respondents. | CASE NO. 13-30930-DOT<br><br>Chapter 13<br><br>**DECLARATION OF SUPPORT MELISSA WILLOBY SUBMITTED**<br><br>Date: March 28, 2012<br>Time:<br>Dept. |

I, MELISSA WILLOBY, declare that:

1. This declaration of expert opinion is based upon my personal knowledge grounded in a thorough and complete review of the loan documents, servicing documents, trust documents and the pleadings, motions, exhibits, affidavit(s) and other documents filed in the instant case. If called upon as an expert witness in this matter, I could and would competently testify to the facts as set forth below.

2. I am an expert on the secondary mortgage market, federal home loan compliance requirements pursuant to the Truth in Lending Act, the Equal Credit Opportunity Act, and the Real Estate Settlement Procedures Act, and am employed as a Mortgage Fraud and Securitization Analyst. I have 15 years' experience in the mortgage banking and finance profession along with over one thousand hours of research and study in the areas of the Truth in Lending Act, the Fair

-1-

1  Debt Collection Practices Act, the Fair Credit Reporting Act, Foreclosure Litigation and Asset-Backed Securitization and its effects and applications in Foreclosure and Loss Mitigation.

3. In the course of my practice, I have read and/or reviewed tens of thousands of mortgage loan related documents including, but not limited to, home loan disclosures, settlement statements, appraisals, underwriting and processing documents, mortgages, notes, allonges, assignments, complaints, affidavits and trust documents, such as pooling and servicing agreements, prospectuses and prospectus supplements for residential and commercial properties.

4. I perform regular, ongoing research into the securitization, sale and transfer aspects of residential mortgage loans and mortgage-backed securities and am proficient in applying that research to the particular facts in a given foreclosure case.

5. I maintain regular continuing education in banking and finance nationally and am highly competent with the state and federal disclosure requirements in federally related mortgage loan transactions.

6. I have been retained by SCS, as legal research aide, in this case to provide an expert opinion at a base rate of $75.00 per hour. Attached hereto as Exhibit "A" is a true and correct copy of my opinion in this case. My opinions can be summarized, as follows:

a. Based on my review of the documents described in the Exhibits, it is my opinion that the court should not grant relief from the automatic stay, and should not lift the stay:

**BACKGROUND**

i. The Deed of Foreclosure made February 21, 2011 documents a partial sell of the Blanket Deed of Trust dated 6/13/2008 and recorded as instrument number 080001957 in Deed Book 964, page 39 with the sum of $300,000.00.

ii. Essex Bank FKA Bank of Powhatan partially sold the Deed of Trust by selling Parcel 1 of said deed of trust with known address of 234 West River Road, Aylett, Virginia 23009 being within King William County and Caroline County Virginia to Tonya D Witherow for a cash amount of $251,000.00 in the County of King William.

iii. Said Foreclosure Deed of trust dated 02/21/2011 states the Blanket Deed of Trust has only been recorded in two county's: King William County and Caroline County.

## Multiple Property Financing

Multiple property financing occurs when a borrower must place mortgages or deeds of trust on more than one property to secure the debt. Multi-property financing can be (i) loans where each property is encumbered separately by a mortgage securing a note in a discrete amount of the entire financing, or (ii) "blanket mortgage" transactions.

The mortgages securing allocated notes on each property of a multi-property transaction are cross collateralized if each mortgage states that it is security for a specific note, and also states that it is security for the repayment of all of the other notes. The mortgages are cross-defaulted if a default under one note triggers a default under all of them.

A blanket mortgage transaction secures a single debt or note with mortgages on two or more distinct properties without allocating a portion of the debt to any single property.

iv. The said Deed of Trust dated 6/15/2008 used Blanket mortgage financing structure.

v. Problems that occur in Blanket Mortgage Financing are ensuring proper deed of trust language called the "Durant clause", proper title insurance endorsements and proper conveyances upon default. But in order to make a marginal release or record a certificate of partial satisfaction of any part of real estate covered by such lien if a plat of such part or deed of such part is recorded in the clerk's office and the cross reference is made in the marginal release or certificate of partial satisfaction to the book and page where the plat of deed of such part is recorded.

vi. According to Virginia sections §55-66.3 – Release of deed of Trust and §55-66.4. Partial satisfaction or release and §55-66.6- recordation of certificate of satisfaction details the requirements of a marginal release or record a certificate of partial satisfaction of any one or more of the separate pieces or parcels of property cover by such a lien and a new deed of trust is required to be recorded reflecting the correct new balance on the remaining parcel

-3-

    with in 90 days with out penalty.

vii. The Deed of Trust is not partial security so the collective set of property is pledged for the full obligation of the note. If a lender put a lien on a investment property and a primary residence as a cross, both properties are offered as collateral for the entire note amount and its full payment. Without the partial certificate of satisfaction and modification of Deed of Trust, there is only a deficiency of approximately $49,000.00. The Bank can only issue a deficiency judgment for said amount.

viii. Additionally, the Alta Owner's Policy forms contain an apportionment provision as Section 8 of the Conditions and Stipulations. It limits the amount of title insurance coverage allocable to tow or more parcels of land to a fixed amount. Title insurance for the property may need to be re issued to reflect the correct coverage. The lack of a properly recorded modified deed of trust with partial certificate of satisfaction will leave a serious cloud on the title.

ix.

## CONCLUSION

7. It is my opinion, after careful consideration of all the facts of this case along with a thorough examination of the Deed of Trust documents filed with the respective counties, Essex Bank did not provide or have recorded a partial certificate of satisfaction and modified deed of trust, therefore Counsel for Essex Bank presents NO right to foreclosure on the homeowner. The court should not grant relief from the automatic stay, and should not lift the stay because there is not a properly recorded instruments and supporting accounting according the Virginia Real Estate Laws.

8. Finally, I recommend the homeowner request a validation of the debt with complete accounting according as defined in section 603 of the Fair credit reporting Act, 15 U.S.C 1681 (a) and Validity of Debt under Fair Debt Collection Practice Act 809.

9. I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.

Executed on this 28 day of March, 2013 in Charles County Maryland.

_____
MELISSA WILLOBY

IRENE KAPOMBE
NOTARY PUBLIC
CHARLES COUNTY
MARYLAND
My Commission Expires 07-20-2016

-5-