**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| TAMARA FAYE MILLER, ) | Case No. 13-30930-DOT |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ESSEX BANK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| TAMARA FAYE MILLER and ) | |
| ROBERT E. HYMAN, TRUSTEE, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**ESSEX BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR**
**RELIEF FROM THE AUTOMATIC STAY**

Essex Bank, a Virginia banking corporation (formerly known as Bank of Powhatan, as reflected in the records of the Virginia State Corporation Commission) (hereafter, "Essex Bank"), by counsel, respectfully submits this reply memorandum in support of its Motion for Relief from the Automatic Stay ("Motion for Relief") against Tamara Faye Miller (the "Debtor") and certain real property of the bankruptcy estate in this case pursuant to § 362(d) of the United

Counsel for Essex Bank
David R. Ruby, Esquire (VSB #22703)
William D. Prince, IV Esquire (VSB #77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com

States Bankruptcy Code (the "Code"). In connection with the foregoing, Essex Bank respectfully states as follows:

    A.    **The Debtor's Objection to Essex Bank's Motion for Relief Does Not Make Sense.**

    1.    Simply put, the Debtor's Objection to Essex Bank's Motion for Relief from the Automatic Stay (the "Objection") does not make sense. The nonsensical Objection fails to address the fact that: (a) the Debtor has failed to make any loan payments since December 2010 and (b) the Debtor failed to disclose Essex Bank as a secured creditor in her Schedules or proposed Chapter 13 Plan. Moreover, the proposed Chapter 13 Plan does not provide for any contractual payments to Essex Bank, or curing of any existing arrearages. The proposed Chapter 13 Plan does not even treat Essex Bank as a secured creditor. Given the fact that the Debtor has been in default for over two (2) years, and has not made any contractual payments since the filing of her chapter 13 bankruptcy petition, Essex Bank lacks sufficient adequate protection with regard to its security interest in the Collateral Property.

    2.    This is a clear case of the Debtor using the bankruptcy process to forestall Essex Bank's *repeated* attempts to foreclose on the Collateral Property pursuant to the Note and Deed of Trust. There is <u>no</u> indication that the Debtor is seeking to utilize the Code in good faith for an honest fresh start.

    B.    **It is Unlikely that the Debtor Will Prevail at the Conclusion of Any Final Hearing.**

    3.    Given the nonsensical nature of the Debtor's Objection, it is unlikely that the Debtor will prevail at the conclusion of any final evidentiary hearing. Thus, there is no reason for this Court to continue the stay of any act against property of the estate pending the conclusion

of a final hearing, as the Debtor has failed to demonstrate a reasonable likelihood that she will prevail at the conclusion of such final hearing. *See* 11 U.S.C. § 362(e)(1).

4.  The Debtor's Objection contains a Declaration of Support from Melissa Willoby. This declaration lacks any probative value whatsoever with regard to Essex Bank's Motion for Relief. To the extent the purported "audit declaration" contains anything of relevance, it is inadmissible hearsay.

**C.   The Automatic Stay Imposed by 11 U.S.C. § 362(a) has Terminated Pursuant to 11 U.S.C. § 362(c)(3)(A).**

5.  Notwithstanding the arguments made by Essex Bank in its Motion for Relief, it is apparent that the automatic stay imposed by 11 U.S.C. § 362(a) has terminated pursuant to 11 U.S.C. § 362(c)(3)(A). 11 U.S.C. § 362(c)(3) specifically provides that:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease **shall terminate with respect to the debtor on the 30th day after the filing of the later case**;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> 11 U.S.C. § 362(c)(3)(A)-(B) (emphasis added).

6.  The Debtor was an individual debtor in a case under chapter 13 within the preceding 1-year period. The Debtor's prior bankruptcy case within the past year was dismissed

3

by this Court for failure to timely file a chapter 13 plan. The Debtor has not made a good faith attempt to comply with the requirements of the Code. Based on the date of the Debtor's second chapter 13 petition, the automatic stay terminated pursuant to 11 U.S.C. § 362(c)(3)(A) on March 25, 2013. The Code provides that upon request of a party in interest, the court **shall** issue an order under subsection (c) confirming that the automatic stay has been terminated. 11 U.S.C. § 362(j) (emphasis added).

7. Moreover, the Debtor failed to file a motion for continuation of the automatic stay before the expiration of the 30-day period in accordance with 11 U.S.C. § 362(c)(3)(B). Thus, the automatic stay has terminated with regard to the Debtor's property and property of the bankruptcy estate.

**Relief Requested**

8. Essex Bank seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d) on the grounds that: (i) Essex Bank's interest in the Collateral Property is not being adequately protected, and the Debtor's failure to provide adequate protection constitutes "cause" to grant Essex Bank relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (ii) the Debtor's multiple bankruptcy filings affecting the Collateral Property were part of a scheme to delay, hinder or defraud Essex Bank's efforts to foreclose on the Collateral Property.

9. Alternatively, Essex Bank respectfully requests that the Court enter an order confirming the automatic stay has terminated pursuant to 11 U.S.C. §§ 362(c)(3)(A) and 362(j) with regard to the Debtor, the Debtor's property and property of the Debtor's bankruptcy estate.

WHEREFORE, Essex Bank respectfully requests the Court enter an Order: (i) lifting the automatic stay imposed by 11 U.S.C. § 362(a) as to Essex Bank; (ii) permitting Essex Bank to seize, demand, take possession of, take control of, liquidate, sell, effect transfers of, and

4

foreclose on its lien; (iii) take action and avail itself of its rights and remedies against the Collateral Property in accordance with the Note, Deed of Trust and its other contractual rights and applicable state law; (iv) waiving the fourteen (14)-day stay of Fed. R. Bankr. P. 4001(a)(3) to allow Essex Bank to proceed immediately upon entry of the Order; and (v) granting such other relief as the Court shall deem just and proper.

In the alternative, Essex Bank respectfully requests the Court enter an Order confirming that the automatic stay has terminated in accordance with 11 U.S.C. §§ 362(c)(3)(A) and 362(j) with regard to the Debtor, the Debtor's property and property of the Debtor's bankruptcy estate.

        Respectfully submitted,

        ESSEX BANK

        By:   /s/ William D. Prince, IV
             Counsel

David R. Ruby, Esquire (VSB #22703)
William D. Prince, IV, Esquire (VSB #77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com
*Counsel for Essex Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2013, a true and accurate copy of the foregoing Reply was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Robert B. Van Arsdale, Esquire*
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219
Robert.B.Van.Arsdale@usdoj.gov

Tamara Faye Miller
9441 Deer Stream Drive
Mechanicsville, VA 23116
*Pro se Debtor*

Robert E. Hyman, Esquire*
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*

                                                /s/ William D. Prince, IV
                                                  William D. Prince, IV

[*Indicates service by ECF or e-mail.  All others served by First Class U.S. Mail, postage prepaid.]