**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| TAMARA FAYE MILLER, ) | Case No. 13-30930-DOT |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |

### ESSEX BANK'S OBJECTIONS TO THE DEBTOR'S CHAPTER 13 PLAN

Essex Bank, a Virginia banking corporation (formerly known as Bank of Powhatan, as reflected in the records of the Virginia State Corporation Commission) (hereafter, "Essex Bank"), by counsel, respectfully submits the following objections to the Chapter 13 Plan and Related Motions (the "Plan") filed with the Court on March 25, 2013 by Tamara Faye Miller (the "Debtor"). In support of its objections, Essex Bank respectfully states as follows:

**Factual Background**

The Debtor's First Bankruptcy Petition filed in November 2012.

1.  On November 29, 2012, the Debtor filed a voluntary petition under Chapter 13 of the Code (the "First Petition") – Case # 12-36793-KRH. The Debtor failed to file a proposed Chapter 13 Plan within 14 days after commencement of the case. Moreover, the Debtor's

Counsel for Essex Bank
David R. Ruby, Esquire (VSB #22703)
William D. Prince, IV Esquire (VSB #77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com

Motion to Extend Time to file a Chapter 13 Plan was not timely filed pursuant to Local Bankruptcy Rule 3015-2(C)(3), and the Court notified the Debtor that a hearing was required.

2. On January 16, 2013, the Court dismissed the First Petition for failure to timely file and distribute a Chapter 13 Plan within the time period set forth in Local Bankruptcy Rule 3015-2(C)(1). A true and accurate copy of the Order of Dismissal is attached hereto as **Exhibit A**.

The Debtor's Second Bankruptcy Petition filed in February 2013.

3. On February 22, 2013, the Debtor filed a second voluntary petition under Chapter 13 of the Code (the "Second Petition") – Case # 13-30930-DOT.

The Debtor's Indebtedness.

4. The Debtor is indebted to Essex on account of a Promissory Note owned by Essex dated June 13, 2008 (the "Note") in the principal amount of $300,000.00. A true and accurate copy of the Note is attached hereto as **Exhibit B**.

5. The Debtor's obligations under the Note are secured by a first priority deed of trust lien against real property located at: 9441 Deer Stream Drive, Mechanicsville, Virginia 23116 (the "Collateral Property"), pursuant to a timely recorded deed of trust (the "Deed of Trust") dated June 13, 2008. A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit C**.

6. The Deed of Trust was properly recorded at Deed Book 2919, Page 479 on June 16, 2008 in the Office of the Clerk of the Circuit Court for the County of Hanover, Virginia.

7. The Deed of Trust also encumbered certain real property located at: 234 West River Road, Aylett, Virginia 23009, consisting of 50.66 acres of land, 48.86 acres being held within King William County, Virginia and 1.80 acres being within Caroline County, Virginia.

At the request of Essex, a substitute trustee conducted a foreclosure sale on January 18, 2011 (the "West River Road Foreclosure Sale") in accordance with the terms of the Deed of Trust. A credit was applied in February 2011 against the Debtor's current indebtedness pursuant to the Note in the amount of $244,609.61. A true and accurate copy of the Note showing the credit against the indebtedness is attached hereto as **Exhibit D**.

8. Pursuant to the terms of the Note, the Debtor's monthly payment is $2,390.32.

9. As of March 15, 2013, the Debtor is in arrears by approximately thirty (30) months in payment on the Note. Thus, the last payment made by the Debtor was on September 13, 2010. As of March 15, 2013, arrearages on the entire Note totaled approximately $71,709.60.[1] However, the credit applied against the Debtor's indebtedness pursuant to the West River Road Foreclosure Sale reduced the interest accrual, and was credited to the Debtor's principal balance on the Note in February 2011. Thus, current arrearages have been offset by the $244,609.61 credit attributable to the West River Road Foreclosure Sale. Since the credit was applied to the Debtor's indebtedness in February 2011, the Debtor has not made any payments on the Note. In addition, no payments were made subsequent to the filing of the First Petition or the Second Petition.

10. The current principal balance on the Note is $53,078.97 (the "Principal Balance").[2] The accrued interest, arrearages and late charges applicable to the Principal Balance is currently $10,310.35. A summary of the loan made by Essex to the Debtor is attached hereto as **Exhibit E**.

---

[1] Arrearages continue to accrue.
[2] Exclusive of interest, attorneys' fees and other charges, for which the Debtor is contractually liable and which continue to accrue.

11. As of March 15, 2013, the Debtor was indebted to Essex on account of the Note in the amount of $63,389.32 (the "Indebtedness").[3]

12. Prior to the filing of the Second Petition, the Note had matured by acceleration on account of the Debtor's default.

13. The Debtor's Schedules, specifically Schedule A, reflect a purported value for the Collateral Property of $299,773.00. However, the Debtor's Schedule A incorrectly indicates that no creditor claims a secured interest in the Collateral Property. Moreover, the Debtor's Schedule F incorrectly lists Essex as an unsecured, non-priority creditor. Essex is also not listed as a creditor holding a secured claim in the Debtor's Schedule D.

14. The strategic timing of the First Petition and the Second Petition was extraordinary. Prior to the filing of the First Petition, Essex initiated foreclosure proceedings with respect to the Collateral Property (the "First Foreclosure Attempt") pursuant to the terms of the Note and the Deed of Trust. The First Foreclosure Attempt was scheduled for November 30, 2012. On November 29, 2012, the day before the foreclosure sale of the Collateral Property, the Debtor filed the First Petition, thereby halting the foreclosure process.

15. After the First Petition was dismissed by the Court for failure to timely file a Chapter 13 plan, Essex initiated foreclosure proceedings a second time (the "Second Foreclosure Attempt") pursuant to the terms of the Note and the Deed of Trust. A foreclosure sale was scheduled to take place on February 27, 2013. However, on the eve of the foreclosure sale of the Collateral Property, the Second Petition was filed by the Debtor on February 22, 2013 – thus halting foreclosure proceedings a second time.

---

[3] The Indebtedness includes the Arrearages and the Principal Balances. Exclusive of attorneys' fees, for which the Debtor is contractually liable. Interest, attorneys' fees and other charges, for which the Debtor is contractually liable, will continue to accrue.

4

16. On March 25, 2013, the Debtor filed and served the Plan.

17. On April 30, 2013, the Chapter 13 Trustee filed an Objection to the Plan.

**Plan Objections**

18. Essex Bank incorporates by reference the Chapter 13 Trustee's Objection filed on April 30, 2013 (Doc. No. 32). The Chapter 13 Trustee correctly states that the Plan is not filed in good faith. In addition, the Trustee also highlights the Plan's deficiencies, including: (i) the Plan does not clearly define who the Debtor's creditors are in this case; (ii) the Plan incorrectly states that the Debtor has no outstanding secured debt; (iii) the Plan incorrectly states that there is no outstanding lien on her residence; (iv) the Plan is underfunded on its face; and (v) the Plan incorrectly states that there are no mortgage loans secured by real property constituting the Debtor's primary residence. The Plan also fails to specify any adequate protection payments to Essex Bank.

19. There are several additional problems with the Plan. First, the Plan fails to comply with the requirements of § 1325(a)(5) of the Code. The Plan fails to provide that Essex Bank is to retain its lien against the Collateral Property per § 1325(a)(5)(B)(i), and the Plan fails to provide for payment of the Principal Balance during the life of the Plan in equal monthly installments, plus interest and attorneys' fees per §§ 1325(a)(5)(B)(ii) and 1325(a)(5)(B)(iii)(I) of the Code.

20. Second, the Plan fails to comply with the requirements of § 1322(b)(3) of the Code. The Plan fails to provide for payment of existing arrearages on the Note.

21. Third and as explained above, to meet minimum obligations to Essex Bank, the Plan must provide for monthly payments to Essex Bank consisting of the Principal Balance and arrearages during the life of the Plan. Further, the Debtor must meet insurance, tax and repair

and maintenance obligations on the Collateral Property.  Nothing in the Debtor's Schedules, Statement of Financial Affairs or Plan suggests that the Debtor has the ability to satisfy such obligations.  Accordingly, the Plan is not feasible and cannot be confirmed pursuant to § 1325(a)(6) of the Code.

22.   Fourth, the Debtor commenced her bankruptcy case "on the eve" of scheduled foreclosure hearings.  The First Foreclosure Attempt was scheduled for November 30, 2012 and the Debtor filed the First Petition on November 29, 2012.  The Second Foreclosure Attempt was scheduled for February 27, 2013 and the Debtor filed the Second Petition on February 22, 2013.  Given the timing of the commencement of the Debtor's bankruptcy cases, the lack of other creditors and the lack of feasibility of the Plan, it is clear that the Debtor did not file the bankruptcy in good faith as required by § 1325(a)(7) of the Code, and that the Plan was not proposed in good faith as required by § 1325(a)(3) of the Code.

WHEREFORE, Essex Bank respectfully requests the Court to deny confirmation of the Debtor's Chapter 13 plan and to grant such other relief as the Court shall deem just and proper.

Respectfully submitted,

ESSEX BANK

By:   /s/ William D. Prince, IV
      Counsel

David R. Ruby, Esquire (VSB #22703)
William D. Prince, IV, Esquire (VSB #77209)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 698-6220
Facsimile: (804) 780-1813
Email: druby@t-mlaw.com
Email: wprince@t-mlaw.com
*Counsel for Essex Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2013, a true and accurate copy of the foregoing Objections was served via First Class U.S. Mail (postage prepaid), via e-mail or via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Robert B. Van Arsdale, Esquire*
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219
Robert.B.Van.Arsdale@usdoj.gov

Tamara Faye Miller
9441 Deer Stream Drive
Mechanicsville, VA 23116
*Pro se Debtor*

Robert E. Hyman, Esquire*
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*

                /s/ William D. Prince, IV
                William D. Prince, IV

[*Indicates service by ECF or e-mail.  All others served by First Class U.S. Mail, postage prepaid.]